IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOAQUIN VILLARREAL CASTILLO, #933475, Petitioner, v. NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. | ) ) ) ) ) ) ) ) ) ) ) | 3:07-CV-1641-P |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) at the Clements Unit in Amarillo, Texas. Respondent is the Director of TDCJ-CID. The Court has not issued process in this case, pending preliminary screening.

Statement of Case: Following his plea of not guilty, a jury found Petitioner guilty of first degree murder in Potter County, Texas, in Cause No. 39,816-B. (Petition (Pet.) at 2). Punishment was assessed at ninety-nine years imprisonment. (*Id.*). On February 20, 2002, the

Court of Appeals affirmed his conviction and sentence. *State v. Castillo*, No. 07-00-00365-CR (Tex. App. --Amarillo 2002), http://www.7thCOA.courts.state.tx.us/opinions/case.asp?FilingID=7108.

Thereafter, on March 27, 2006, Petitioner filed an application pursuant to art. 11.07, of the Texas Code of Criminal Procedure, seeking an out-of-time petition for discretionary review (PDR). (*See* Attachment I at ¶ 5). On September 13, 2006, the Texas Court of Criminal Appeals (TCCA) granted him leave to file an out-of-time PDR. *See Ex parte Castillo*, No. WR-64,713-01, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=243012; *Ex parte Castillo*, No. AP-75,496, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=246236. Petitioner filed the out-of-time PDR, and the Court of Criminal Appeals refused the same on February 28, 2007. *See* No. PD-1811-06, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=248119.

In this federal petition, filed on September 24, 2007, Petitioner challenges his underlying criminal conviction. He alleges he was denied the right to appeal the defective jury instruction, which amended the indictment in violation of his 14th Amendment right to grand jury review. (Pet. at 7).[1]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas

---

[1] For purposes of this recommendation, the petition is deemed filed on September 20, 2007, the date Petitioner certifies placing the same in the prison mail system. (*See* Pet. at 9); *see also Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).
   Petitioner filed a prior federal petition during the pendency of his state criminal proceedings in this case. *See Castillo v. Boydston*, 1:00cv195 (N.D. Tex., Amarillo Div., filed Jun. 12, 2000). On August 16, 2001, the district court dismissed the petition as unexhausted. *Id.*

2

corpus relief. *See* 28 U.S.C. § 2244(d). The district court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 1684 (2006) (district courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition in process issued cases).[2]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner alleges no state-created impediment under subparagraph (B) that prevented him from filing the federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Therefore, the one-year statute of limitations runs from the date Petitioner's conviction became final at the

---

[2] On November 20, 2007, the Court informed Petitioner of the one-year statute of limitations and granted him thirty days to show cause why the petition should not be dismissed as barred by the limitations period. Petitioner filed a response to the show cause order on December 19, 2007.

conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

In response, to the Court's order to show cause, Petitioner argues the one-year limitations period commenced on February 28, 2007, the date on which the TCCA denied his out-of-time PDR. (*See* Pet's Response and Suppl. Response to Show Cause Order at 2). This contention is meritless. The Fifth Circuit Court of Appeals has specifically held that the granting of an out-of-time PDR "does not . . . restart the running of AEDPA's limitations period." *Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir. 2004). Rather, "when a petitioner convicted in the Texas system acquires the right to file an 'out-of-time' PDR, the relief tolls the AEDPA's statute of limitations until the date on which the Court of Criminal Appeals declines to grant further relief . . . ." *Id.*

Petitioner's conviction became final on March 22, 2002, thirty days after his conviction was affirmed on direct appeal. *See* TEX. R. APP. P. 68.2(a) (effective September 1, 1997). The one-year period began the next day on March 23, 2002, and expired on March 22, 2003. Because that date fell on a Saturday, the limitations period was extended to the following Monday, March 24, 2003. *See* Fed.R.Civ.P. 6(a); *Flanagan v. Johnson,* 154 F.3d 196, 200-01 (5th Cir.1998) (applying Rule 6(a)). Although 28 U.S.C. § 2244(d)(2) tolls the limitations period during the pendency of state habeas proceedings, *see Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998), Petitioner's state habeas application was not pending in state court during the one-year period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). The record reflects that Petitioner's only art. 11.07 application, seeking the out-of-time PDR, was filed on March 27, 2006, long after the one-year period had expired. (*See* Attachment I). Therefore, the federal petition, deemed filed as of

September 20, 2007, is clearly untimely absent equitable tolling.[3]

The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

This case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. As noted above, Petitioner delayed the filing of his art. 11.07 application, seeking the out-of-time PDR, by more than three years after his conviction became final. Following the refusal of the out-of-time PDR, Petitioner delayed an additional six months and 19 days before filing this federal petition. These two lengthy, unexplained delays demonstrate an absence of diligent pursuit of his rights, which the Supreme Court has held to be a showing that a petitioner must make to be entitled to equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (finding that an unexplained six-month delay after the state court denied the state petition made the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"); *Basalo v. Cockrell*, 2003 WL 21653864, *4 -5 (N.D. Tex., Jul. 21, 2003) (3:02cv596-H) (finding that an unexplained delay of

---

[3] The pendency in 2007, of the motion for leave to file petition for writ of mandamus, *see In re Castillo*, WR-64,713-02, does not provide any basis for statutory tolling. The Fifth Circuit has long held that a motion for leave to file a mandamus application is not considered an application for post-conviction or other collateral relief for purposes of § 2244(d)(2)'s tolling provision. *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002).

eleven months between the date the conviction became final and the date of filing of the state habeas petition did not warrant equitable tolling), findings, conclusions and recommendation adopted (N.D. Tex., Aug. 1, 2003). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Accordingly, Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DISMISSED with prejudice as barred by the one-year limitations period. *See* 28 U.S.C. § 2244(d).

Signed this 4th day of February, 2008.

```
                                    _____
                                    PAUL D. STICKNEY
                                    UNITED STATES MAGISTRATE JUDGE
```

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**

iDocket.com. Search Header.



State:

County:

Litigant name Keyword Search:

[Trouble finding your case?](#)

The total number of cases found is 7

1. Criminal Docket; Case 38624-00 ; Burglary - Felony
THE STATE OF TEXAS vs JOAQUIN VILLARREAL CASTILLO
Filed 01/15/1998 - Disposition: 02/18/1998
181st District Court, District Clerk, Potter County, Texas
Comments: DEFT GIVEN 5 YRS & $500 FINE 2/12/98
(Click here to view the case history, parties, or attorneys)

2. Criminal Docket; Case 39816-00 ; Murder or Manslaughter - Felony
THE STATE OF TEXAS vs JOAQUIN VILLARREAL CASTILLO
Filed 10/29/1998 - Disposition: 07/19/2000
181st District Court, District Clerk, Potter County, Texas
Comments: DEFT GIVEN 99 YRS TDC 7/13/00MANDATE ABATED & REMANDED TO TRIAL 9/12/01
(Click here to view the case history, parties, or attorneys)

3. Initial Complaint Docket; Case 17523-00 ; Murder or Manslaughter - Felony
THE STATE OF TEXAS vs JOAQUIN VILLARREAL CASTILLO
Filed 06/25/1998 - Disposition: 10/29/1998 Indicted
47th District Court, District Clerk, Potter County, Texas
(Click here to view the case history, parties, or attorneys)

4. Initial Complaint Docket; Case 16661-00 ; Burglary - Felony
THE STATE OF TEXAS vs JOAQUIN VILLARREAL CASTILLO
Filed 12/01/1997 - Disposition: 01/15/1998 Indicted

251st District Court, District Clerk, Potter County, Texas
(Click here to view the case history, parties, or attorneys)

5. Writ of Habeas Corpus Docket; Case 39816-01 ; Post Conviction
EX PARTE: JOAQUIN VILLARREAL CASTILLO vs THE STATE OF TEXAS
Filed 03/27/2006 - Disposition: 05/02/2006 Writ Mailed
181st District Court, District Clerk, Potter County, Texas
(Click here to view the case history, parties, or attorneys)

6. Criminal Docket; Case 74937-00-2 ; Criminal - Misdemeanor
THE STATE OF TEXAS vs JOAQUIN VILLAREAL CASTILLO
Filed 03/06/1997 - Disposition: 03/31/1997 Convicted
County Court at Law #2, County Clerk, Potter County, Texas
Comments: MAX CC $172 3/12/97 MELISSA/CTA CKH
(Click here to view the case history, parties, or attorneys)

7. Criminal Docket; Case 74939-00-2 ; Criminal - Misdemeanor
THE STATE OF TEXAS vs JOAQUIN VILLAREAL CASTILLO
Filed 03/06/1997 - Disposition: 03/31/1997 Convicted
County Court at Law #2, County Clerk, Potter County, Texas
Comments: MAX CC $172 3/12/97 MELISSA/CTA CKH
(Click here to view the case history, parties, or attorneys)

Search | Case History | Parties | Attorneys | Links | Services          [ Site Map ] [ Return to Top ]
All

© 1999 Solutions, Inc. All rights reserved.                                    User ID: SOLE
Unauthorized access is prohibited. Usage will be monitored.        Viewed as of: **January 30, 2008, time: 08:14:33**
Agreements